## E. V. Tuttle v. J. Poechert, Appellant.

Intoxicating liquors: MULCT SALOON: REVOCATION OF CONSENT. Where a mulct saloon is in operation in a town situated in a township, a majority of the electors in the town, only, are authorized by the statute to revoke the consent previously given to its maintenance; although a majority of all voters in both the town and township are required to sign the consent petition.

*Appeal from Carroll District Court.*—HON. Z. A. CHURCH,
Judge.

FRIDAY, JULY 2, 1909.

SUIT to restrain the maintenance of an alleged liquor
nuisance resulted in a decree as prayed.    The defendant
appeals.—*Reversed.*

*B. I. & L. H. Sallinger,* for appellant.

*M. S. Odle,* for appellee.

LADD, J.—The incorporated town of Lanesboro is sit-
uated in Jasper township, of Carroll County.  Therein the
defendant conducts a place where intoxicating liquors are
kept for sale and sold.  All preliminaries essential under
the statute to effect a bar to prosecutions under the pro-
hibitory law had been complied with, including the filing
of a statement of general consent with the county auditor.
This statement was signed by a majority of the electors
voting at the last preceding election in said township, in-
cluding the town, as well as in the town alone, and there-
fore complied with section 2449 of the Code, declaring
that the statement of general consent could not be con-
strued "as a bar to proceedings against persons selling in-
toxicating liquors in towns situated in townships of which
less than a majority of the voters of the township, includ-
ing the town, have signed the statement of general consent;
nor shall it be construed as a bar in any town in which a
majority of the voters do not sign said statement."  In the
early part of 1909 there was filed with the county auditor
a verified petition revoking such consent, signed by a ma-
jority of the electors voting at the last preceding election
in said township, including the town, but less than half
of those residing within the corporate limits of the town.

The sole question for determination is whether the filing of this petition operated to remove the bar interposed by the statement of general consent and the finding as to its sufficiency by the board of supervisors.

Section 2451 of the Code provides that "whenever there shall be filed with the county auditor a verified petition, signed by a majority of the voters of said city, town or city acting under special charter or county, as the case may be, as shown by the last general election, requesting it, then the bar to proceedings as provided in the second and third preceding sections shall cease to operate, and the persons engaged in the sale of intoxicating liquors shall be liable to all the penalties provided by this chapter." It will be observed that no provision is made for revocation by the electors of a township after the bar once has been established. As the statute expressly prescribes how revocation may be accomplished, any other method is by fair implication excluded. The Legislature seems to have recognized a difference in the situation in an incorporated town before and after the establishment of a saloon therein under the mulct law. Before, the statement of general consent must have been canvassed by the board of supervisors to establish the bar; after, it is enough, in order to remove the bar, to merely file a sufficient petition of revocation with the county auditor. Before the majority of the electors voting at the last general election in the township, including the town, as well as of those residing in the town, must have signed the statement of general consent; after, a majority of the electors so voting in the town is necessary to effect a revocation. As the law has been so written, we know of no reason for saying that the electors within the corporate limits alone shall not decide for the municipality whether the saloon shall be allowed to continue, even though those outside of such limits may have had a voice in establishing such saloon. The court erred in holding otherwise.—*Reversed.*